**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEREMY CORRA,** | : | **CIVIL ACTION NO. 1:26-CV-1686** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF FCI-LEWISBURG SATELLITE CAMP,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Jeremy Corra, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him presentence credit for a period of time that he spent in a residential drug treatment program. The petition will be denied.

## I. Factual Background & Procedural History

On March 31, 2026, Corra was arrested by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and charged with conspiracy to distribute and possess with intent to distribute a controlled substance, possession of a controlled substance, and felon in possession of a firearm in this district. (Doc. 9-2 ¶ 4); United States v. Corra, No. 3:21-CR-92-2 (M.D. Pa. filed Mar. 30, 2021). The court ordered Corra to be detained by the United States Marshals. (Doc. 9-4 at 2); Corra, No. 3:21-CR-92-2, at Doc. 27.

On April 28, 2022, the court granted Corra a furlough from federal custody so that he could seek inpatient drug treatment at Pyramid Healthcare in Quakertown,

Pennsylvania. (Doc. 9-2 at ¶ 5); Corra, No. 3:21-CR-92-2, at Doc. 90. The furlough order specified that Corra's furlough was subject to the condition that he remain at Pyramid Healthcare's facility and comply with all rules and regulations imposed by Pyramid Healthcare. Id. ¶¶ 1–2. The order directed the United States Probation Office and counsel for Corra to confirm at regular intervals that Corra remained in good standing at Pyramid Healthcare and to inform the court if at any point he was no longer in good standing or was scheduled to complete the program at Pyramid Healthcare. Id. ¶ 4. In the event that Corra was no longer in good standing or had finished the program at Pyramid Healthcare, the order directed the probation office or Corra's counsel to notify the court that it should "schedule a hearing to determine whether Mr. Corra should be returned to the custody of the United States Marshal or released subject to such conditions as the Court may set at the conclusion of the hearing." Id. ¶5. On July 25, 2022, the court granted Corra bond. (Doc. 9-6); Corra, No. 3:21-CR-92-2, at Doc. 101.

Corra pleaded guilty to two counts on May 1, 2024, and was sentenced to 78 months of imprisonment on March 14, 2025. Id. at Docs. 122, 152. He was given a voluntary surrender date of May 14, 2025, and surrendered himself to BOP custody to begin his sentence on that date. (Doc. 9-2 ¶ 8). The BOP calculated his sentence as beginning on May 14, 2025, and granted him prior custody credit for the period from March 31, 2021 (the date of his arrest) to April 28, 2022 (the date he was furloughed from federal custody). (Id. ¶ 9).

Corra filed the instant case on June 18, 2026, arguing that he should be granted credit towards his sentence for the period from April 28, 2022, to July 25, 2022, the period when he was furloughed from federal custody but had not yet been granted bond. (Doc. 1). Respondent responded to the petition on August 19, 2026, and Corra filed a reply brief in support of the petition on September 9, 2026, making the petition ripe for review. (Docs. 9, 11).

## II. Discussion

Corra's request for presentence credit is governed by 18 U.S.C. § 3585. Under Section 3585, a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute provides that the defendant is to be given credit:

> for any time he has spent in official detention prior to the date the sentence commences—
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. § 3585(b).

When a defendant has been charged with a federal crime and is awaiting trial, his detention is governed by 18 U.S.C. § 3142. In Reno v. Koray, the Supreme Court interpreted this provision as giving a district court "two choices": "The court

may either (1) 'release' the defendant on bail or (2) order him 'detained' without bail." Reno v. Koray, 515 U.S. 50, 57 (1995). Under the statute, a defendant "suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Id. The Court acknowledged that "a defendant 'released' to a community treatment center could be subject to restraints which do not materially differ from those imposed on a 'detained' defendant committed to the custody of the Attorney General, and thence assigned to a treatment center," but noted that this "does not undercut the remaining distinction that exists between *all* defendants committed to the custody of the Attorney General on the one hand, and *all* defendants released on bail on the other." Id. 62–63. "A defendant who is 'released,'" the court explained, "is not in BOP's custody, and he cannot be summarily reassigned to a different place of confinement unless a judicial officer revokes his release or modifies the conditions of his release." Id. at 63 (internal citation omitted) (citing 18 U.S.C. § 3148(b)).

In this case, Corra argues that the time he spent in inpatient treatment at Pyramid Healthcare should be credited towards his sentence as official detention because he "he remained under continuous, court-imposed custodial restraint throughout the disputed period." (Doc. 1 at 6). Corra notes that he was required to remain at Pyramid Healthcare during the relevant period, his movement and conduct were strictly regulated, and his compliance with rules and regulations was monitored. (Id. at 4).

Respondent argues that the time in Pyramid Healthcare does not constitute official detention under Koray because Corra was placed there pursuant to the court's furlough order and was therefore not committed to the custody of the Attorney General. (Doc. 9). Corra argues that this case is distinguishable from Koray because unlike the petitioner in Koray, he had not been granted bond at the time he was placed on furlough. (Doc. 11 at 1).

The court agrees with respondent that this case is controlled by Koray. Under Koray, a petitioner is "detained" only when he is "committed to the custody of the Attorney General." Koray, 515 U.S. at 58. An inmate who has been placed in inpatient treatment by order of the court—rather than placed there by the BOP—is not detained, no matter how closely the conditions of the inpatient treatment resemble those that he would be subjected to if he had been placed there by the BOP. Id. at 63.

Corra's contrary argument that his case is distinguishable from Koray because he had not been granted bond while he was in inpatient treatment is a distinction without a difference. Under Koray, the relevant inquiry is whether a petitioner's detention is controlled by the BOP: "A defendant who is 'released' is not in BOP's custody, and he cannot be summarily reassigned to a different place of confinement unless a judicial officer revokes his release, or modifies the conditions of his release. A defendant who is 'detained,' however, is completely subject to BOP's control." Koray, 515 U.S. at 63 (citations omitted). Here, the sentencing court's furlough order clearly stated that if Corra failed to comply with Pyramid

Healthcare's rules or completed the program, the probation office or Corra's counsel was required to notify the court that it should "schedule a hearing to determine whether Mr. Corra should be returned to the custody of the United States Marshal or released subject to such conditions as the Court may set at the conclusion of such hearing." (Doc. 9-5 ¶ 5). Thus, at all times that Corra was in the inpatient treatment program, he remained subject to the control of the court rather than the control of the attorney general or the BOP. Whether he was placed in the treatment program pursuant to a bond or a furlough, the central fact remains that he was not committed to the custody of the attorney general during the relevant period. He is therefore not entitled to credit towards his sentence because he was not in official detention. See 18 U.S.C. § 3585(a); Koray, 515 U.S. at 57.

## III. Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.[1]

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 18, 2026

[1] Corra has also requested appointment of counsel in his reply brief. (Doc. 11 at 3-4). This request is denied for the same reasons the court denied his previous motion to appoint counsel. (See Doc. 10).